**Joyce Marie EDWARDS, Plaintiff,**

v.

**UNITED STATES of America and United States Supreme Court, Defendants.**

**Civil No. 3:07CV310(AWT).**

United States District Court,
D. Connecticut.

April 21, 2008.

Joyce Marie Edwards, Trumbull, CT, pro se.

Lisa E. Perkins, U.S. Attorney's Office, Hartford, CT, for Defendants.

### *RULING ON MOTION TO DISMISS*

ALVIN W. THOMPSON, District Judge.

The plaintiff, Joyce Marie Edwards ("Edwards"), proceeding *pro se,* brings this action against the United States of America and the United States Supreme Court, alleging violations of her rights of free speech and free exercise of religion under the First Amendment to the United States Constitution. The defendant, the United States of America, has moved to dismiss the action for failure to comply with Fed.R.Civ.P. 8, and pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), for lack of jurisdiction and failure to state a claim upon which relief can be granted, respectively. For the reasons set forth below, the defendant's motion is being granted.

### I.  BACKGROUND

Edwards alleges that the United States has violated the provisions of the First Amendment to the United States Constitution relating to freedom of speech and free exercise of religion by preventing volunteers and teachers from expressing Judaeo–Christian religious beliefs and sharing biblical teachings in the nation's public schools, while permitting the teaching of "unsafe" and "destructive" beliefs that threaten both "life" and "liberty." (Compl.(Doc. No. 1), at 2). Edwards also alleges that this practice violates the Declaration of Independence and the Parent Teachers Association ("PTA") Mission Statement and Statement of Purpose.

In her Complaint, Edwards sets forth several examples of instances in which she claims the public school system in Trumbull, Connecticut, and more specifically the Booth Hill School in Trumbull, has allowed the presentation of "unsafe" and "destructive" beliefs, while excluding religious beliefs rooted in the Bible. She alleges that students

were presented with, *inter alia*, a third-grade textbook discussing "American Indian spiritism"; a book club flier containing selections relating to "wizards" and "spirit powers"; reading assignments and exercises involving "non-God based supernatural powers," "sorcery," and "astrology"; teachings about humanism and evolution; discussions of Egyptian ways of getting to heaven; a school field trip where "occult items" were displayed in a gift shop; rewards to students that contained references to fortune-telling; discussions of Greek gods, Hindu beliefs, and the "superstitions" of the Chinese New Year; and "New Age" beliefs that encourage lying (*Id.* at 5–6, 19). Edwards alleges that Booth Hill School was exposing the students to these beliefs and traditions while prohibiting her from sharing her own religious beliefs with the students. Specifically, she alleges that she was prohibited from sharing teachings from the Bible about the path to heaven. She also claims that the principal of the Booth Hill School, Gary Kunschaft ("Kunschaft"), precluded her from expressing her religious viewpoints to students during the school day and prevented her from volunteering for activities in the district based on two incidents. First, while a presenter was discussing the Native American belief in the healing properties of certain stones during a school field trip, Edwards stated "that the only thing I found to truly help me stop doing bad things and healed me was receiving Jesus Christ as my Lord and Savior (by reading the Word of God, the Holy Bible)." (*Id.* at 6). Second, while distributing candy canes to her oldest child's class, Edwards stated the students "could read the Bible and find out what the white and red mean and why this gift is first for the Jewish people, and then for everyone else." (*Id.*) (citation omitted). As a result of these incidents, Edwards was precluded from participating in any activities at Booth Hill School during regular school hours. Edwards alleges that the actions of the school and the principal reflect the application of an unconstitutional double standard. In addition, Edwards alleges that the Supreme Court's prohibition of prayer in public schools and the inclusion of "dangerous" activities in the school curriculum has led to a host of negative consequences.

In her request for relief, Edwards asks that the court order the United States to enforce the First Amendment, the Declaration of Independence, and the PTA Mission Statement and Purpose. She also requests that the Bible be placed in all public school classrooms so that its teachings will be available to all students.

## II. LEGAL STANDARD

### A. Fed.R.Civ.P. 8

A pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). "A complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir.2006) (citations omitted). "[A] complaint is sufficient if it gives 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir.2002) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)) (citation omitted).

### B. Fed.R.Civ.P. 12(b)(1)

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction bears the burden of proving subject matter jurisdiction. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.2005). When reviewing a motion to dismiss for lack of subject matter jurisdic-

tion, the court may consider evidence outside the pleadings. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000).

### C. Fed.R.Civ.P. 12(b)(6)

The standards for dismissal under Fed R. Civ. P. 12(b)(1) and 12(b)(6) are identical. See *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 128 (2d Cir.2003). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly,* — U.S. —, —, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn. 1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings

and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

When considering the sufficiency of the allegations in a *pro se* complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers...." *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *See also Branham v. Meachum,* 77 F.3d 626, 628–29 (2d Cir.1996). The court should interpret the plaintiff's complaint to raise the strongest arguments that it suggests. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

### III. DISCUSSION

As an initial matter, the United States argues that the court should dismiss the plaintiff's action because Edwards has failed to comply with the requirement of Fed. R.Civ.P. 8 that she provide a short and plain statement of the court's jurisdiction and of a claim showing that she is entitled to relief. The United States contends that the plaintiff's lengthy complaint is so vague and incomprehensible that it imposes an unjustified burden on the party that must respond to it. However, in deference to the plaintiff's *pro se* status, the court interprets Edwards' Complaint to raise the strongest claims that it suggests. Construing the Complaint in this light, the plaintiff's allegations that the Booth Hill School and Principal Kunschaft have discriminated against her based on her religious beliefs by excluding those whose beliefs are rooted in the Bible from the school's activities could be construed as a claim under 42 U.S.C. § 1983 and/or the First and Fourteenth Amendments to the Constitution.[1]

■ The critical defect in the plaintiff's Complaint is her failure to identify any basis for jurisdiction or any claim upon which relief can be granted with respect to the named defendants—the United States and the Supreme Court. Edwards asserts that this court has jurisdiction over the defendants and that she has a cognizable claim against

---

1. The plaintiff's allegation that the prohibition of prayer to God in public schools since 1963 has led to "unsafe" and "destructive" teaching, thereby violating the Declaration of Independence and the PTA Mission Statement and Statement of Purpose, fails to state a cognizable cause of action under any legal theory.

them because the United States and the Supreme Court have failed to enforce the Constitution. However, the plaintiff cannot establish a basis for jurisdiction because the United States has not waived its sovereign immunity with respect to the plaintiff's claims. *See Hamm v. United States,* 483 F.3d 135, 137 (2d Cir.2007) ("[T]he terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit."). Assuming *arguendo* that Edwards' allegations that school officials violated her constitutional rights are true, the plaintiff could not bring a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* based on an alleged violation of 42 U.S.C. § 1983 because the FTCA does not waive the sovereign immunity of the United States or federal agencies for constitutional torts. *See FDIC v. Meyer,* 510 U.S. 471, 477–78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). In addition, suits against the United States Supreme Court, the other named defendant, are barred by the doctrine of judicial immunity. *See Pierson v. Ray,* 386 U.S. 547, 554–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Edwards also lacks standing to bring the instant action because she has failed to allege that any constitutional violation she was a victim of is traceable to the United States. *See Friends of Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.,* 528 U.S. 167, 180–181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (holding that, in order to establish standing, a plaintiff must show "(1) it has suffered an 'injury in fact' ... (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision"). The public school officials, who allegedly violated Edwards' rights to free speech and free exercise of religion, are not federal employees, and their actions can not fairly be traceable to the United States. For these reasons, this court lacks jurisdiction over the plaintiff's claims under Fed.R.Civ.P. 12(b)(1). Because the plaintiff has failed to allege any unlawful conduct on the part of the United States, the plaintiff has also failed to state a claim upon which relief can be granted under Fed. R.Civ.P. 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss Complaint (Doc. No. 17) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.