Amanda MYTYCH, Bob Ford, Carol Friend, and Verretta Michaud, Plaintiffs,

v.

MAY DEPARTMENT STORES COMPANY, Defendant.

No. 3:98CV98 (WWE).

United States District Court, D. Connecticut.

Jan. 21, 1999.

Joseph D. Garrison, Garrison, Phelan, Levin–Epstein & Penzel, New Haven, CT, for Amanda Mytych.

Joseph D. Garrison, Michele Lang Palter, Garrison, Phelan, Levin–Epstein & Penzel, New Haven, CT, for Bob Ford, Carol Friend, Veretta Michaud.

Judson W. Calkins, Gila Rosenstock, St, Louis, MO, Robert Nastri, Jr., Jeffrey J. Tinley, Tinley, Nastri, Renehan & Dost, Waterbury, CT, for May Dept. Stores Co.

*RULING ON MOTION TO DISMISS*

EGINTON, Senior District Judge.

Plaintiffs have brought this multi-count class action against defendant May Department Stores Company ("May"), seeking damages for failure to pay wages pursuant to Connecticut General Statutes ("C.G.S.") § 31–71 *et seq* and § 31–73. Plaintiffs are or were commissioned sales employees selling shoes or electronics at various retail stores owned by May Department Stores and bring this action on behalf of themselves and other similarly situated persons. Plaintiffs challenge two of May's policies: 1) the deduction of a prorata share of "unidentified return" commissions from each sales person's gross sales; and 2) the requirement that sales persons stock inventory two hours per week.

Unidentified returns are customers' returns made without a receipt, including returns associated with a catalog sale, gift receipt, or stolen goods. An unidentified return also occurs where a customer returns an item with a receipt but receives cash back rather than a refund to a credit card charge. Assigned returns are customers' returns made with a receipt identifying the sales person who sold them goods.

Plaintiffs have received a letter from the Connecticut Department of Labor indicating that it would most likely consider the deduction of commissions from unidentified returns illegal under Connecticut law.

Defendant has filed a motion to dismiss the entire complaint for failure to state a claim upon which relief can be granted. As the Fourth and Fifth Counts, alleging willful conduct and the existence of class issues respectively, are dependent upon the Complaint's prior three counts, the Court will focus upon only the first three counts.

Based on the following discussion, the defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### Count I

In Count I, the plaintiffs allege that May's prorata deduction of commissions from unidentified returns from the individual sales employees' total gross sales is an illegal refund of employee wages in contravention of C.G.S. § 31–73.

Pursuant to Section 31–73, an employer may not, as a condition of employment, exact a refund of wages or deduct any wages that were agreed to be paid. A commission as compensation for services is within the relevant statutory definition of wages. C.G.S. § 31–71a. The Connecticut Supreme Court has defined commission according to its commonly understood meaning as a fee paid to an agent or employee for transacting a piece of business or performing a service. *Roto-Rooter Services Co. v. Department of Labor*, 219 Conn. 520, 526, 593 A.2d 1386 (1991).

Section 31–73(a) defines a "refund of wages" as occurring when an employee returns any sum of money that the employer paid or owed in return for services performed or when an employer pays its employee wages at a less than agreed upon rate. Section 31–73 represents a clear public policy prohibiting an employer from taking advantage of the employment relationship by using the acquisition or continuation of employment as a mechanism for exacting sums of money from an employee. *Lockwood v. Professional Wheelchair Transportation, Inc.*, 37 Conn.App. 85, 94, 654 A.2d 1252 (1995), *cert. denied*, 233 Conn. 902, 657 A.2d 641 (1995) (employer violated Section 31–73 by demanding that the employee pay a $1,000 automobile insurance deductible as a condition of his continued employment). As the Connecticut Appellate Court observed, the statute was written in broad and sweeping language to prohibit such actions by an employer.

May argues that the plaintiffs cannot state a claim under Section 31–73 because May deducts unidentified returns commissions from the individual sales person's gross sales prior to calculating the employee's commissions. Therefore, May claims that until net sales have been determined no refund of wages has occurred, because the commissions are not within the statute's meaning of wages *paid* or *owed* to an employee. According to the terms of its Commission Agreement, May bases the sales person's commissions on net sales, which are derived

by reducing the sales person's gross sales by commissions from assigned refunds, the pro-rated amount of commissions from unidentified refunds, local taxes, delivery fees, and employee discounts.

Taking the alleged facts as true, the unidentified returns relate to catalog sales, stolen goods, or returns where the customer has failed to provide a receipt, for which returns the plaintiffs should not be made responsible and which bear little or no relationship to actual services performed by the plaintiffs. May's deduction of commissions from unidentified returns makes the sales person absorb the company's risk of business loss as a requirement of employment, and is, therefore, within the underlying public policy concerns of Section 31–73.

Regardless of whether May makes a net sales calculation prior to the final determination of commissions, the amount of a sales person's compensation is connected to the sales person's gross sales. Therefore, a deduction from gross sales that is not otherwise allowed by law reduces the sales person's wages and is prohibited by the statute.

The Court is unconvinced by May's claim that its deduction of unidentified returns is allowed by the Regulations of Connecticut State Agencies ("Regs.") §§ 31–62–D1 and 31–60–1. Although the regulations permit commissions to be calculated on a group basis, a regulation cannot conflict with a statute and permit what the statutory purpose prohibits. *See Med–Trans of Connecticut, Inc. v. Dept. Of Public Health and Addiction Services*, 242 Conn. 152, 168, 699 A.2d 142 (1997) (When a statute and a regulation conflict, the statute must prevail). The Court is also unpersuaded that the regulation's reference to "any and all sales" as opposed to "all sales" means that an employer may base commissions on something less than all sales. Regs. § 31–62–D1.

May claims further that the plaintiffs' argument makes no logical sense. Specifically, May contends that if subtracting commissions related to unidentified returns constitutes an illegal deduction, then the deduction of commissions related to assigned returns, taxes and delivery fees must also be considered illegal under the statute. May's argument ignores the statute's explicit exception for deductions made in accordance with the law. *See* C.G.S. § 31–71a. The deduction of taxes obviously falls within this exception and, as explained by the letter from the Department, commissions from assigned returns may be deducted in accordance with the law because the return voids the sale as if it had never happened. The Court will not comment on the May's deduction of delivery fees as this policy has not been challenged and the parties have not provided the Court with information about it.

May offers an analysis by a New York Supreme Court, which this Court finds inapplicable to the instant case. *See Jacobs v. Macy's East, Inc.*, Supreme Court of New York, County of Queens, No. 017283/96 (January 6, 1998). *Jacobs* dismissed a claim that Macy's unidentified returns deduction policy violated New York's statutory wage deduction prohibition. The New York Supreme Court's analysis was specific to the facts of the case and New York law. The *Jacobs* dismissal rested primarily on the fact that Macy's method of calculating commissions by deducting unidentified return commissions had been agreed upon in a collective bargaining agreement. Further, the relevant New York statutes specified that an "earned commission" was determined according to contract. New York Labor Law § 191–a.

Significantly, in *Jacobs*, the New York lower court found persuasive New York precedent indicating that an employee did not gain a vested interest in his incentive compensation based on his monthly productivity until the end of that production period when the compensation was calculated. *Dean Witter Reynolds v. Ross*, 75 A.D.2d 373, 429 N.Y.S.2d 653 (1980). May has cited no similar Connecticut precedent indicating when an employee gains a vested interest in a commission.

As May's deduction policy related to unidentified returns is within the contemplation of Section 31–73, the Court will deny the Motion to Dismiss as to Count One.

*Count Two*

■ Count Two alleges that May violates Section 31–73 by requiring that its commis-

sion shoe sales employees perform two hours of stock work per week. Plaintiffs claim that this practice constitutes an illegal dilution of the employees' base rate. However, the Connecticut regulations recognize that stock work is an incidental part of retail sales. *See* Regs. §§ 31–62–D1 and 31–62–D4. Further, the regulation's allowance of work incidental to sales is not contrary to the statute's language or purposes as it does not allow an employer to take advantage of the employment relationship by exacting sums of money from the employee. Because the Department of Labor has specifically interpreted retail sales to include incidental stock work, the Court will grant May's Motion to Dismiss as to Count Two.

### Count Three

▮ Count Three alleges that May's policies of deducting unidentified return commissions and requiring stock time are both in violation of Section 31–71e, a statute similar to Section 31–73, which prohibits an employer from withholding or diverting any portion of an employee's wages. Since the Court has already found that May's stock time requirement is permitted by Connecticut law, the Court's discussion of Count Three will consider only May's policy of deducting commissions related to unidentified returns.

May's deduction of unidentified return commissions does not fit within any of the statutory exceptions as a deduction allowed by law, approved by the Department of Labor, or authorized by the employee for health care payments.

As with Count One, May argues that no diversion of wages has taken place because commissions are not determined until net sales have been calculated from gross sales. The Court will deny the Motion to Dismiss as to Count Three for the same reasons articulated in its discussion of Count One.

### CONCLUSION

For the foregoing reasons, the Court DENIES the defendant's Motion to Dismiss [doc. # 11] as to Counts One, Three, Four, and Five, and GRANTS the defendant's Motion to Dismiss as to Count Two. The plaintiffs are directed to amend the Amended Complaint within fifteen (15) days, conforming the remaining counts in light of this ruling.