**Karen MURPHY, Plaintiff,**

v.

**JC PENNEY REGIONAL CATALOG CENTER and Liberty Mutual In-surance Company, Defendants.**

**Civil No. 3:07CV1258(AWT).**

United States District Court,
D. Connecticut.

April 24, 2008.

Karen Murphy, Newington, CT, pro se.

Marian H. Yun, Law Offices of Rosenbaum & Vollono, Glastonbury, CT, for Defendants.

## RULING ON MOTION TO DISMISS

ALVIN W. THOMPSON, District Judge.

Plaintiff Karen Murphy ("Murphy"), proceeding *pro se*, brings this action against defendants J.C. Penney Regional Catalog Center ("JC Penney") and Liberty Mutual Insurance Company. The defendants have moved to dismiss the plaintiff's complaint on the grounds that the court lacks subject matter jurisdiction and the claim is barred by the doctrine of res judicata. For the reasons set forth below, the defendants' motion to dismiss is being granted.

## I. FACTUAL BACKGROUND

Murphy sustained an injury to her head on February 9, 2000 while she was working at JC Penney. She subsequently filed a workers' compensation claim. Murphy signed a stipulation and an agreement that resolved her claim for $5,000. On September 1, 2000, a fully executed Award by Stipulation was approved by the Workers' Compensation Commission (the "Commission").

On October 16, 2001, Murphy sought to reopen the stipulation on the basis of fraud, mistake, and misrepresentation. Murphy claimed that she was coerced and intimidated by her attorney, Charles Rosenzweig ("Rosenzweig"), into signing the stipulation and agreement. On July 26, 2005, after holding a hearing during which Murphy testified, the Commissioner denied the plaintiff's motion to reopen the stipulation. On August 23, 2005, Murphy appealed this decision to the Compensation Review Board (the "Board"). On June 28, 2006, the Board dismissed Murphy's appeal because it was untimely. On April 10, 2007, the Connecticut Appellate Court affirmed the judgment of the Board. On July 17, 2007, the Connecticut Supreme Court denied Murphy's petition for certification to appeal.

Murphy alleges that her workers' compensation claim was not handled properly by Attorney Rosenzweig, who died in 2004. She also alleges that Attorney Joseph Dix ("Dix"), who represented her before the Board, did not timely file her motion to reopen the stipulation, causing it to be denied. Murphy alleges that, as a result, she has been deprived of additional workers' compensation benefits. She alleges that she is suffering from a serious brain injury and needs such benefits to pay for medical care.

## II. LEGAL STANDARD

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

The standards for dismissal under Fed R. Civ. P. 12(b)(1) and 12(b)(6) are identical. *See Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir.2003). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, — U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.*, 34 F.Supp.2d 130, 131 (D.Conn.1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer*, 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993).

■■■ "This standard is applied with even greater force where ... the complaint is submitted pro se." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.1994) (citation omitted). When considering the sufficiency of the allegations in a *pro se* complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *See also Branham v. Meachum*, 77 F.3d 626, 628–29 (2d Cir. 1996). The court should interpret the plaintiff's complaint to raise the strongest arguments that it suggests. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

## III. DISCUSSION

In deference to the plaintiff's *pro se* status, the court construes Murphy's complaint liberally, interpreting it to raise the strongest claims that it suggests. The court construes Murphy's complaint as an

appeal of the state court judgment with respect to her worker's compensation claim.[1]

 To the extent that Murphy asks this court to review the merits of her worker's compensation claim, this court lacks subject matter jurisdiction. Murphy's complaint fails to state a basis for federal jurisdiction, and the court cannot discern one. Also, this court lacks subject matter jurisdiction to review Murphy's claim based on the *Rooker–Feldman* doctrine because her claims have already been fully adjudicated in Connecticut state court. *See Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir. 1996) ("inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts").

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss (Doc. No. 9) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

---

1. Claims I and II of Murphy's complaint arguably could be construed as asserting legal malpractice claims against Attorney Rosenzweig and Attorney Dix. However, Rosenzweig and Dix are not named as parties in this action. Moreover, to the extent that Murphy might seek to assert a legal malpractice claim against Rosenzweig and/or Dix, this court appears to lack subject matter jurisdiction. There is no federal question presented by any such claim, and there appears to be no basis for diversity jurisdiction.