Gabriele NYENHUIS, Plaintiff,

v.

The METROPOLITAN DISTRICT COMMISSION, Charles P. Sheehan, Sergeant James Harding, and Officer Matthew Danville, Defendants.

Case No. 3:08CV069 (AWT).

United States District Court, D. Connecticut.

March 17, 2009.

Eric P. Daigle, Halloran & Sage, Hartford, CT, for Plaintiff.

David A. Ryan, Jr., Heather L. Bannister, Ryan & Ryan, LLC, New Haven, Susan M. Wright, Kainen, Escalera & McHale, Hartford, CT, for Defendants.

### *RULING ON MOTION TO DISMISS*

ALVIN W. THOMPSON, District Judge.

The plaintiff, Gabriele Nyenhuis ("Nyenhuis"), brings the following eleven claims against the Metropolitan District Commission (the "MDC"), Charles P. Sheehan ("Sheehan"), Sergeant James Harding ("Harding"), and Officer Matthew Danville ("Danville"): Count One, as to all defendants, gender discrimination in violation of 42 U.S.C. § 2000e; Count Two, as to all defendants, retaliation in violation of 42 U.S.C. § 2000e–3; Count Three, as to all defendants, violation of 42 U.S.C. § 1983, based on violation of First Amendment rights; Count Four, violation of 42 U.S.C. § 1983, based on denial of equal protection of the laws; Count Five, as to all defendants, violation of Connecticut General Statutes § 31–51m; Count Six, as to all defendants, violation of Connecticut General Statutes § 31–51q; Count Seven, as to defendants Harding and Danville, violation of 42 U.S.C. § 1983, based on deprivation of liberty; Count Eight, as to defendants Harding and Danville, defamation; Count Nine, as to defendants Harding and Sheehan, violation of 42 U.S.C. § 1983; Count Ten, as to the MDC, a *Monell* claim pursuant to 42 U.S.C. § 1983; and Count Eleven, as to Sheehan, Harding, and Danville, intentional infliction of emotional distress.

The defendants have moved to dismiss certain counts altogether and other counts as to certain defendants. Nyenhuis has withdrawn all claims against defendant Sheehan. (*See* Doc. No 16.)

### I. *BACKGROUND*

For the purposes of deciding this motion, the court takes as true the following allegations.

#### A. CHRO/EEOC Complaints in 2005

Nyenhuis was hired by the MDC Police Department in July 2002. In 2003, she began experiencing age and gender discrimination at her workplace. As a result, she filed complaints with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") against the MDC and against Harding, her supervisor, on June 16, 2005. Her CHRO complaint was dual-filed with the Equal Employment Opportunity Commission (the "EEOC"). The MDC then retained the services of UHY Advisors ("UHY"), a business consulting firm, to evaluate the department. With the evaluation underway, on July 20, 2005, Nyenhuis withdrew both complaints. The CHRO then closed her case and sent her a notice of the case closure on July 27, 2005.

On September 15, 2005, UHY identified several areas of deficiencies in the MDC regarding "supervision, intimidation, policies and procedures, training and disciplinary issues." (Compl. at ¶ 13.)

#### B. Nyenhuis' Arrest

On April 19, 2006, Nyenhuis was patrolling the West Hartford reservoir when she came into contact with Steve Atkins, a civilian who refused to comply with her commands. In the course of Nyenhuis's interaction with Atkins, she sprayed her department-issued pepper spray at him and his vehicle. She then notified Danville, her backup officer. Danville called Harding, who eventually "ordered her not to produce an arrest warrant and/or arrest Mr. Atkins...." (Compl. ¶ 22.) The next

day, April 20, the MDC placed Nyenhuis on administrative status. The West Hartford Police Department initiated an investigation into the incident. As part of the investigation, West Hartford police officers interviewed Danville and Harding. On June 14, 2006, the West Hartford police officers arrested Nyenhuis and charged her with one count of Assault in the Third Degree in violation of Conn. Gen.Stat. § 53a–61, one count of Reckless Endangerment in the Second Degree in violation of Conn. Gen.Stat. § 53a–64, and one count of Falsely Reporting an Incident in the Second Degree in violation of Conn. Gen. Stat. § 53a–180c.

Nyenhuis claims that, around this time, the office photocopier and office supplies were used to distribute newspaper articles about her arrest around the office. She also claims, *inter alia*, that she was not "kept in the loop" about what was going on (Compl. at ¶ 32), that she did not receive necessary training to maintain her employee certification and as a result lost parts of that certification, and that she found disparaging notes about her at work.

On March 27, 2007, Nyenhuis contacted the EEOC to inquire about filing a complaint. The EEOC informed her, in a letter dated March 28, that to begin the charge-filing process, she would need to complete an enclosed questionnaire. On April 10, the plaintiff filed charges with the EEOC. On April 13, the MDC received a Notice of Charge of Discrimination from the EEOC. On June 25, 2007, counsel for the defendants received a Notification of Assignment of Case for Investigation dated June 22, 2007 from the EEOC. The MDC submitted a response on August 21, 2007 to the plaintiff's EEOC charge, in which it denied the allegations. On October 19, 2007, the EEOC dismissed the case for not being timely filed and because the EEOC could not conclude that there had been a violation.

On November 6, 2007, after a trial in Hartford Superior Court, Nyenhuis was found not guilty of all charges. On November 8, 2007, Nyenhuis returned to her patrol duties with the MDC.

## II. *LEGAL STANDARD*

■ When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn.1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786

(D.Conn.1990) (citing *Scheuer*, 416 U.S. at 232, 94 S.Ct. 1683).

■ In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993).

## III. DISCUSSION

### A. Counts One and Two (Harding and Danville)

■ In Count One, Nyenhuis asserts claims against Harding and Danville under Title VII for gender discrimination. In Count Two, Nyenhuis asserts that Harding and Danville violated Title VII by retaliating against her because of her previous complaints by disciplining her and causing her to be arrested.

The plaintiff concedes that Harding and Danville do not fall under the definition of "employer" in Title VII. (Pl.'s Opp. (Doc. No. 24) at 11.) But she argues that the defendants' motion to dismiss should be denied so she can obtain discovery to support her previous complaints of conspiracy and aiding and abetting by Harding and Danville. (Pl.'s Opp. at 12.) In support of this argument, Nyenhuis relies on Conn. Gen.Stat. § 46a–60(5) which provides that it is illegal "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so." However, Nyenhuis has not brought a claim under the Connecticut Fair Employment Practices Act, Conn. Gen.Stat. §§ 46a–60 *et seq.* The first reference to it in this case is in her memorandum in opposition to the instant motion. (*See* Pl.'s Opp. at 11–12.) Nyenhuis wants these federal claims kept alive solely for the purpose of searching for a basis for a state claim she has not pled. This is not proper. Therefore, these counts are being dismissed as to Harding and Danville.

### B. Counts One and Two (MDC)

■ In Count One, the plaintiff alleges that a "continuing course of conduct continued through her June 14, 2006 arrest" (Compl. at ¶ 42), and in Count Two, that the actions taken against her were in retaliation for her previous complaints, all in violation of Title VII. The defendants argue that her claim is time-barred. The court agrees.

Section 2000e–5 of Title 42 of the United States Code provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to *which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief* from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . .

42 U.S.C. § 2000e–5(e)(1) (emphasis added). The Supreme Court has held that this charge filing provision "specifies with precision" the procedural requirements that a plaintiff must satisfy before she files suit. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d

147 (1974). "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). *See also E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988)("If a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days"); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998)(allowing a plaintiff to proceed on her Title VII claim because she originally filed her action in the relevant state agency).

Connecticut has such a state agency, i.e. the CHRO. While Nyenhuis filed concurrent charges with the EEOC and the CHRO in 2005, she voluntarily withdrew the complaints on July 20, 2005. With respect to the instant action, Nyenhuis did not file a new charge with the CHRO. Because she did not, her time limit for filing was 180 days from the last discriminatory act.

Nyenhuis states that "the alleged discriminatory conduct culminated and took place on June 14, 2006." (Pl.'s Opp. at 8.) This is the date she was arrested by the West Hartford Police Department. Assuming *arguendo* that her charge is deemed to have been "filed" on March 27, 2007, the date on which Nyenhuis contacted the EEOC concerning the charge filing process, the period from June 14, 2006 to March 27, 2007 is 286 days. Therefore, even assuming further, *arguendo*, that the arrest counts as a discriminatory act, and that mere inquiry into the process for filing a charge counts as a filing, Nyenhuis exceeded the applicable limitations period by more than 100 days. Therefore, her Title VII claims are time-barred.

■ Nyenhuis's claims in Counts One and Two are not saved by the equitable tolling doctrine or by the continuing violation doctrine. With respect to equitable tolling, courts have applied the doctrine "as a matter of fairness" where a plaintiff has been "prevented in some extraordinary way from exercising [her] rights, or h[as] asserted [her] rights in the wrong forum." *Miller v. Int.'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Nyenhuis's circumstances do not support equitably tolling the statute.

■ The continuing violation doctrine "renders timely claims based on otherwise stale acts only if (1) the acts within and without the limitations period are sufficiently similar and frequent to justify a conclusion that both are part of a single discriminatory employment practice chargeable to the employer, and (2) the circumstances are such that a reasonable person in the plaintiff's position would not have sued earlier." *Morris v. Amalgamated Lithographers of America, Local One*, 994 F.Supp. 161, 164 (S.D.N.Y.1998)(internal quotation omitted); *see also Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993), *cert. denied*, 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994) ("Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone.").

Nyenhuis did not file a charge that was timely as to any discriminatory act. She contends that the culminating discriminatory act was the arrest on June 14, 2006. Nor are the circumstances such that a reasonable person in the plaintiff's position would not have sued earlier. Nyenhuis had previously filed charges with the CHRO in 2005, but withdrew them. Thus, a reasonable person would have been well aware of how to institute this type of proceeding and Nyenhuis has presented no reason why such a person would not have sued earlier. Therefore, Counts One and Two are being dismissed as to the MDC.[1]

## C. Count Three and Count Four (Harding and Danville in Official Capacities)

■ Harding and Danville in their official capacities argue that Count Three, violation of First Amendment rights, and Count Four, denial of equal protection of the laws, in violation of 42 U.S.C. § 1983, should be dismissed because the plaintiff has not alleged facts that could establish a basis for their liability in their official capacities under 42 U.S.C. § 1983 in this case. The court agrees.

■ The Second Circuit has held that when a § 1983 claim is brought against an individual in his official capacity, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir.2004). The official in question need not be a municipal policymaker for all purposes, but rather, with respect to the conduct challenged, he must be "responsible under state law for making policy *in that area* of the [municipality's] business." *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d

Cir.2000)(emphasis in original). The fact that an official has been granted discretion does not mean that he possesses final authority or has the power to make official policy on a particular issue. *See id.*

Nyenhuis states that because courts have recognized that extensive discovery can be needed to establish a § 1983 claim, the court should give her the ability "based on the plaintiff's rights" to conduct discovery on these claims. (Pl.'s Opp. at 13.) But once a motion to dismiss has been filed, any such right is contingent upon having stated a claim upon which relief can be granted. Based on the plaintiff's allegations, Harding and Danville are not policymakers. Danville was a fellow officer in the MDC's police department. Harding was a sergeant, and while he outranked Nyenhuis, there is an absence of allegations that could support a conclusion that he made official policy or has final authority under state law with respect to the MDC's conduct involved in the constitutional violations alleged in these counts. Therefore, Counts Three and Four are being dismissed as to Harding and Danville in their official capacities.

## D. Count Three and Four (MDC)

The MDC argues that because Nyenhuis has not alleged in these counts a municipal policy or custom that has caused her injury, no claim on which it can be held liable has been stated in these counts. The plaintiff responds that "the complaint has numerous allegations of the municipal policy and customs that caused the plaintiff's constitutional injury, as required with notice pleading ... [such as] lack of or improper regulations, policies, practices and customs ... [and] failure to properly train, super-

---

1. Because the court finds that these claims are time-barred pursuant to section 2000e–5(e)(1), it does not reach the defendant's argu-

ment that the Complaint was not served within 90 days of plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

vise, investigate and discipline...." (Pl.'s Opp. at 15.)

However, these allegations are only pled in Count Ten. The plaintiff has not alleged a municipal policy or custom with respect to Nyenhuis' First Amendment or equal protection claims in Count Three or Count Four, and she has not incorporated any of her allegations from Count Ten into Count Three or Count Four.

■ Nor may the MDC "be held liable in a § 1983 action under a theory of respondeat superior merely because it employs a tortfeasor." *Monell v. Dept. of Soc. Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "It is only when the execution of a municipality's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the [municipality] as an entity is responsible under § 1983." *Russo v. City of Hartford,* 158 F.Supp.2d 214, 222 (D.Conn.2001), *quoting Monell,* 436 U.S. at 694, 98 S.Ct. 2018. Therefore, the motion to dismiss is being granted as to the MDC with respect to Counts Three and Four.

### E. Count Five

■ The defendants argue that they cannot be held liable under Count Five, the claim for a violation of Conn. Gen.Stat. § 31–51m, because the claims are time-barred in that they were not brought within 90 days of a final administrative determination. That statute provides that "[n]o employer shall discharge, discipline or otherwise penalize any employee...." Conn. Gen.Stat. § 31–51m(b). The statute provides further that any employee who is penalized in violation of its provisions "may, after exhausting all available administrative remedies, bring a civil action, within ninety days of the date of the final administrative determination or within

ninety days of such violation, whichever is later...." *Id.* at § 31–51m(c). An "employer" is defined as "a person engaged in business who has employees, including the state and any political subdivision of the state." *Id.* at § 31–51m(a)(2). Nyenhuis concedes that Harding and Danville are not "employer[s]" under the statute and has withdrawn this claim with respect to them. (*See* Pl.'s Opp. at 16.) The claim should also be dismissed as to defendant MDC.

It is "well settled that in Connecticut (unless otherwise specified by the legislature) a case is considered 'brought' for purposes of a statute of limitations on the date of service of the complaint upon the defendant." *Levesque v. Town of Vernon,* 341 F.Supp.2d 126, 141 (D.Conn.2004)(internal citation omitted)(explicitly rejecting in the context of a claim under § 31–51m, the proposition that a case is deemed to be brought when it is filed, not when it is served).

Here, it is undisputed that the EEOC Dismissal and Notice of Rights was issued on October 19, 2007 and was received by the defendants on October 22, 2007. This action was filed on January 15, 2008, and the complaint was served on the defendants on January 22, 2008. This was 95 days after the issuance of the EEOC Dismissal and 92 days after receipt of the EEOC Dismissal, after the expiration of the limitations period in the statute. Therefore, the motion to dismiss is being granted with respect to Count Five.

### F. Count Six (Harding and Danville)

■ The defendants argue that Count Six should be dismissed as to the Harding and Danville because Conn. Gen.Stat. § 31–51q does not provide for individual liability. The statute provides that "[a]ny employer ... who subjects any employee to discipline or discharge on account of the

exercise by such employee of rights guaranteed by the first amendment to the United States Constitution ... shall be liable to such employee for damages...." *Id.* Harding and Danville are not employers of the plaintiff. Therefore, the motion to dismiss is being granted as to Harding and Danville with respect to this count.

### G. Count Seven (Harding and Danville in Official Capacities)

The motion is being granted as to Harding and Danville in their official capacities with respect to Count Seven for the reasons set forth in Section III(C), above.

### H. Count Nine (Harding and Danville in Official Capacities)

The motion is being granted as to Harding and Danville in their official capacities with respect to Count Nine for the reasons set forth in Section III(C), above. The court notes that there is a significant degree of overlap between the allegations in Count Nine and those in Count Ten, where the plaintiff does allege she suffered injury as a result of policies of MDC.

### IV. CONCLUSION

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. No. 19) is hereby GRANTED. Count One, Count Two, Count Three as to the MDC and Harding and Danville in their official capacities, Count Four as to the MDC and Harding and Danville in their official capacities, Count Five, Count Six as to Harding and Danville, Count Seven as to Harding and Danville in their official capacities, and Count Nine as to Harding in his official capacity are hereby DISMISSED. The plaintiff's remaining claims are: Count Three as to Harding and Danville in their individual capacities, Count Four as to Harding and Danville in their individual capacities, Count Six as to

the MDC, Count Seven as to Harding and Danville in their individual capacities, Count Eight, Count Nine as to Harding in his individual capacity, Count Ten, and Count Eleven as to Harding and Danville.

It is so ordered.