Lucia CINOTTI, Plaintiff,

v.

Gerald I. ADELMAN, Defendant.

Civil No. 3:15-cv-1284(AWT)

United States District Court, D. Connecticut.

Signed May 6, 2016

Lucia Cinotti, Shelton, CT, pro se.

Michael Skold, Office of the Attorney General, Hartford, CT, for Defendant.

## RULING ON MOTION TO DISMISS

Alvin W. Thompson, United States District Judge

The pro se plaintiff brings this case alleging that while presiding over her divorce action, the defendant, Judge Gerald I. Adelman, of the Connecticut Superior Court, discriminated against her on the basis of her gender and her pro se status.

The Complaint has five counts: refusing to inform the plaintiff as to why checks were not sent to her (Count I), denial of her motions to compel and for contempt without explanation (Count II), judicial bias (Count III), injunctive relief (Count IV), and intentional infliction of emotional distress (Count V). The plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

The defendant moves to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim upon which relief can be granted. The motion is being granted.

## I. FACTUAL BACKGROUND

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir.1997).

In December 2011, the plaintiff filed an action for divorce in Connecticut Superior Court in the Judicial District of Fairfield at Bridgeport. The plaintiff alleges that on January 12, 2014, Judge Malone (then presiding over the case) entered judgment and awarded her "two checks totaling $50,500" and monthly alimony of $3,000. (Complaint (Doc. No. 1) ("Complaint") ¶ 6.) The plaintiff was also permitted to remain in the marital home until seven days prior to the closing date.

On March 15, 2013, the case was transferred to Judge Adelman. The plaintiff challenges several rulings by Judge Adelman. On March 6, 2014, the plaintiff filed a motion to compel seeking an order directing Bank of America to release checks to her. She alleges that "Judge Adelman denied [her] motion without explanation. He stated that [she] received the money from [her] ex husband's retirement account which had nothing to do with [the] two (2) checks totaling $50,500 from Bank of America ... " (Id. ¶ 10.) The plaintiff also alleges that at some point Judge Adelman granted her attorney's motion to withdraw

over her objection. On May 15, 2015, the plaintiff's ex-husband filed a motion for an order directing the plaintiff to vacate the home. At the same time, the plaintiff filed a motion for contempt. Judge Adelman granted her ex-husband's motion and denied the plaintiff's motion. On July 15, 2015, the plaintiff filed another "motion to compel the court to release the $50,500." (Id. ¶ 13.) On July 30, 2015, Judge Adelman denied the motion.

The plaintiff alleges that Judge Adelman has ruled against her on every motion she has submitted to the court, that he has reversed Judge Malone's orders, and that he has "deprived" her of the $50,500 awarded to her. (Id. ¶ 16.) She also alleges that he reduced her alimony by $1,058 on January 12, 2015 without a motion from her ex-husband and despite the fact that her former husband's income had increased.

The plaintiff alleges that Judge Adelman's treatment of her has affected her "both physically and emotionally," that she has spent considerable financial resources to defend herself and her home, and that she has suffered "a great deal of anxiety and depression." (Id. ¶ 22.) She also alleges that the defendant's actions "amount to reckless misconduct." (Id. ¶ 23.)

Among other forms of relief, the plaintiff seeks "a preliminary injunction or in the alternative a modification of Judge Adelman's order reversing back to Judge Malone[']s order of 11/20/2013 allowing [her] to remain in the house until seven days before the closing date of the sale of the house." (Id. ¶ 20.)

## II. LEGAL STANDARD

"A district court properly dismisses an action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]' " Cortlandt St. Recovery Corp. v. Hellas Telecommunications, 790 F.3d 411, 416–17 (2d Cir.2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)). The party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir.2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. See Makarova, 201 F.3d at 113.

When deciding a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at

1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F.Supp.2d 130, 131 (D.Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn.1990) (citing Scheuer, 416 U.S. at 232, 94 S.Ct. 1683).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir.1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., No. 15–3023–CV, 820 F.3d 554, 559, 2016 WL 1696597, at *3 (2d Cir. Apr. 28, 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 50 n. 2 (2d Cir.2016)).

## III. DISCUSSION

The defendant moves to dismiss this case on the following grounds: "(1) lack of federal jurisdiction; (2) the Eleventh Amendment; (3) the Rooker-Feldman doctrine; (4) the Younger abstention doctrine; (5) the Anti-injunction Act; (6) judicial immunity; (7) qualified immunity; (8) sovereign immunity; (9) statutory immunity; and (10) failure to state a claim." (Memorandum of Law in Support of Defendant's Motion to Dismiss (Doc. No. 20-1) ("Defendant's Memorandum) at 1.)

## A. Subject Matter Jurisdiction

■ "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (alterations in original). The plaintiff alleges jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1367(a), providing for supplemental jurisdiction.[1] (See Complaint ¶2.)[2] "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513, 126 S.Ct. 1235. (citing Bell v. Hood, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The plaintiff has not done so here. To the extent the plaintiff references a federal law, she does so in the first sentence of the Complaint: "This is an action pursuant to Title VII of the Civil [R]ights Act of 1964. 42 U.S.C. §§ 2000e, et seq., to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States." (Complaint ¶ 1.) Title VII, however, bars employment discrimination, which is not at issue in this

1. She also alleges jurisdiction under 28 U.S.C. 134(3), 28 U.S.C. § 2001(a) and 42 U.S.C. § 2000e. However, these statutes do not provide for federal court subject matter jurisdiction.

2. Because the plaintiff is a resident of Shelton, Connecticut and the defendant is also a resident of Connecticut, this court does not have jurisdiction pursuant to 18 U.S.C. § 1332 on the basis of diversity of citizenship.

case. The Complaint contains no other reference to Title VII or any other federal law, except for the federal statutes mentioned in the allegations of jurisdiction. Such a naked reference to Title VII is insufficient to provide this court with a basis for exercising jurisdiction. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)). The court concludes this is such a case. Title VII is not remotely connected to the plaintiff's allegations that a state court judge discriminated against her while presiding over her divorce action. Accordingly, because the federal claim is "completely devoid of merit," it must be dismissed for lack of subject matter jurisdiction.

Because there is no federal question jurisdiction over this case, this court dismisses this case in its entirety. See Brzak v. United Nations, 597 F.3d 107, 113–14 (2d Cir.2010) ("We have said that if a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well. Because [the plaintiff's] federal claims were dismissed on jurisdictional grounds at the very beginning of the case, there was no colorable basis for the district court to exercise supplemental jurisdiction over her state law claim." (quoting

Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir.2008))).

## B. Eleventh Amendment

Even if the court were to consider the mere mention of Title VII to be a sufficient basis for establishing subject matter jurisdiction over this case, the Eleventh Amendment bars this case.[3] The plaintiff does not specify whether her suit is brought against Judge Adelman in his individual or official capacity. However, because she is challenging Judge Adelman's rulings in her state court case, the court construes her claims to be ones brought against him in his official capacity. Such a suit is barred. "States—and state officers, if sued in their official capacities for retrospective relief—are immunized by the Eleventh Amendment from suits brought by private citizens in federal court ..." K & A Radiologic Tech. Servs., Inc. v. Comm'r of Dep't of Health of State of N.Y., 189 F.3d 273, 278 (2d Cir.1999)); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief ...").

In order for the plaintiff to overcome the Eleventh Amendment bar, she must establish that a Connecticut has consented to suit "in unequivocal terms" or that "Congress, pursuant to a valid exercise of power, unequivocally expresse[d] its intent to abrogate the immunity." Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). The plaintiff has made no such showing here.

**3.** Application of the Eleventh Amendment is a matter of subject matter jurisdiction. See Atl. Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir.1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it sua sponte because it affects

our subject matter jurisdiction."); cf. Edelman v. Jordan, 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) ("the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court ...").

Additionally, although <u>Ex parte Young</u>, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) provides an exception to the Eleventh Amendment bar, the plaintiff has not met its requirements. Under <u>Ex parte Young</u>, "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that [her] complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" <u>In re Deposit Ins. Agency</u>, 482 F.3d 612, 618 (2d Cir.2007). The plaintiff has not pled a violation of federal law. As discussed above, to the extent that she pleads any violation of federal law, it is a violation of Title VII of the Civil Rights Act, which bars employment discrimination, which has not been adequately pled. Accordingly, the plaintiff's claims cannot be brought under <u>Ex parte Young</u>, and the Eleventh Amendment bars this case.[4]

## IV. CONCLUSION

For the reasons set forth above, Memorandum of Law in Support of Defendant's Motion to Dismiss (Doc. No. 20) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

---

4. The defendant also argues that the case is barred by: the <u>Rooker-Feldman</u> doctrine, the <u>Younger</u> abstention doctrine, the Anti-injunction Act, judicial immunity, qualified immunity, sovereign immunity, statutory immunity, failure to state a claim. The court need not reach these alternate grounds for dismissal.