**TRANSATLANTIC LINES LLC, Plaintiff,**

v.

**AMERGENT TECHS, LLC, Defendant.**

**Civil No. 3:15-cv-1681(AWT)**

United States District Court, D. Connecticut.

Signed May 11, 2016

---

Manuel A. Molina, Peter J. Gutowski, Freehill, Hogan & Mahar, LLP, New York, NY, for Petitioner.

Jeffrey D. Poindexter, J.D. Poindexter, APC, La Mesa, CA, Edward A. Keane, Mahoney & Keane, LLP, New York, NY, for Respondent.

## RULING ON MOTION TO DISMISS

Alvin W. Thompson, United States District Judge

Transatlantic Lines, LLC ("Transatlantic") has filed a petition against Amergent Techs, LLC ("Amergent"), seeking an order from the court to compel arbitration. Amergent filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, the motion to dismiss is being granted.

## I. FACTUAL BACKGROUND

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir.1997).

In March 2010, Transatlantic and Amergent entered into a contract pursuant to which Amergent agreed to provide certain services and assistance to Transatlantic with respect to Transatlantic's obligations as a vessel manager to ensure regulatory compliance. The contract provided for arbitration of all disputes, stating that "[a]ll disputes under this Agreement shall be resolved through arbitration." (Compl, Doc. No. 1, at ¶ 7.) Amergent performed services under the contact beginning in or about March 2010. Transatlantic alleges that the amount of work claimed by Amergent "exceeded the scope of the Agreement and the estimated charges for the tasks contemplated," and that "the total costs billed by Amergent ... exceeded by more than twice the cost estimate which

was the foundation upon which the Agreement was entered into." (Id. at ¶¶ 9, 10.) Amergent claims an outstanding balance of $170,696 for services performed pursuant to the contract. Transatlantic contests the amount demanded and filed a petition to commence arbitration "for a determination of what sum, if any, is properly due" under the contract. (Id. at ¶ 12.)

The contract does not specify the forum for arbitration. Transatlantic seeks an order compelling arbitration in the District of Connecticut. Transatlantic also requests that the court appoint a single arbitrator from a list of five individuals, all of whom are members of the Society of Maritime Arbitrators. (See id. at ¶ 18.)

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks omitted)). "Factual allega-

tions must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " Mytych v. May Dep't Stores Co., 34 F.Supp.2d 130, 131 (D.Conn.1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn.1990) (citing Scheuer, 416 U.S. at 232, 94 S.Ct. 1683).

## III. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2 et seq., provides, in relevant part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

Amergent contends that the petition should be dismissed because it never refused to arbitrate. To the contrary, Am-

ergent commenced an arbitration proceeding with the Maritime Arbitration Association, and Transatlantic refused to participate.[1]

"Under the FAA, the role of courts is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." LAIF X SPRL v. Axtel, S.A. de C.V., 390 F.3d 194, 198 (2d Cir.2004) (internal citation and quotation marks omitted). The parties agree that there is a valid agreement to arbitrate. As to the second issue, "an action to compel arbitration accrues 'only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute.'" Id. (quoting PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir.1995). See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("An indispensable element of [petitioner's] cause of action under § 4 for an arbitration order is the [respondent's] refusal to arbitrate."). "Requiring a petitioner to allege that the adverse party has actually failed, neglected, or refused to arbitrate assures the court that there is, in fact, a dispute concerning whether the parties should arbitrate. If the adverse party has not refused to arbitrate, or will agree to arbitrate, there is no reason for court involvement in the first place." Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd., 200 F.Supp.2d 102, 108 (D.Conn.2002). "[T]he requirements of Section 4 are met when a party 'takes an

unequivocal position that it will not arbitrate.'" Id. at 109 (quoting PaineWebber, 61 F.3d at 1067).

The Second Circuit has held that "[a] party has refused to arbitrate if it commences litigation or is ordered to arbitrate the dispute by the relevant arbitral authority and fails to do so." LAIF, 390 F.3d at 198. "[U]nless the respondent has resisted arbitration, the petitioner has not been aggrieved by anything, and there is nothing for the court to compel." SH Tankers Ltd. v. Koch Shipping Inc., No. 12 CIV. 00375 AJN, 2012 WL 2357314, at *3 (S.D.N.Y. June 19, 2012) (internal citation and quotation marks omitted) (emphasis in original).

In Carrington Capital Management, LLC v. Spring Investment Service, Inc., the petitioner argued that the respondent had "'refused' to arbitrate by failing to confer [about] a 'mutually agreeable' location for arbitration," and in particular, that the respondent's "unilateral commencement of an arbitration in the location of its choice—rather than a mutually agreeable location—constituted a refusal by [respondent] to arbitrate in the manner provided for in the agreement." 347 Fed.Appx. 628, 630 (2d Cir.2009). The Second Circuit held that the respondent had "not refused to arbitrate within the meaning of 9 U.S.C. § 4 because it has neither commenced litigation in lieu of arbitration (in fact, it was [petitioner] that commenced the instant litigation) nor has it refused to abide by an order from an arbitrator to arbitrate its dispute." Id. at 631.

Likewise, Amergent has not refused to arbitrate either by commencing litigation

---

1. Amergent states that it offered to arbitrate the dispute with the Society of Maritime Arbitrators, and Transatlantic again refused. Transatlantic states that Amergent only offered to proceed before the SMA under SMA's "Shortened Arbitration Rules," which meant that arbitration would proceed based on documents alone. Transatlantic further states that this limitation would be to Amergent's advantage.

or by refusing to abide by an order from an arbitrator. Rather, Amergent initiated arbitration proceedings, and Transatlantic refused to participate. See also, e.g., Barchha v. TapImmune, Inc., No. 12 CIV. 8530 PKC, 2013 WL 120639, at *3 (S.D.N.Y. Jan. 7, 2013) ("There is no assertion that the defendants have refused to arbitrate or that the plaintiff has attempted to commence an arbitration. ... Indeed, defendants expressly acknowledge that plaintiff's claims are subject to arbitration."); AES Gener, S.A. v. Compania Carbones del Cesar S.A., No. 08CIV10407(WHP), 2009 WL 2474192, at *2 (S.D.N.Y. Aug. 12, 2009) ("CCC has never refused to arbitrate. Nor has it commenced litigation or been ordered to arbitration."); Hartford Acc., 200 F.Supp.2d at 109 (denying motion to compel arbitration where "[t]he amended complaint does not state that one or more of the defendants has expressly rejected arbitration.").[2]

Transatlantic's contention that the FAA "does not specifically require that a 'refusal' to arbitrate be a prerequisite to a petition to compel arbitration, but rather broadly empowers the Court to provide relief whenever there is any form of an impediment to arbitration" is not persuasive. (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, Doc. No. 27, at 4.) The only case Transatlantic cites in support of this contention, Doctor's Associates, Inc. v. Dillender, No. Civ. 303CV626PCD, 2003 WL 22290309 (D.Conn. Aug. 4, 2003), is inapposite. In Doctor's Associates, the defendant

initiated arbitration in Texas, in direct contravention of the arbitration agreement, which required that any dispute be submitted to arbitration in Connecticut. Thus, the court held that "Defendant's argument that initiation of arbitration in Texas satisfies the Agreement fails, as arbitration is contrary to the express language of the Agreement." 2003 WL 22290309 at *2.

Here, however, the arbitration clause does not specify a venue for arbitration, so Amergent's attempt to arbitrate in California was not contrary to the parties' agreement. Because Amergent never refused to arbitrate, and in fact attempted to initiate arbitration proceedings, the court cannot find that there was a refusal to arbitrate on Amergent's part.

## III. CONCLUSION

For the reasons set forth above, the defendant's Motion to Dismiss (Doc. No. 16) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

---

**2.** In contrast, cases granting motions to compel arbitration have involved a clear refusal on the part of one party to arbitrate. See, e.g., Crystal Pool AS v. Trefin Tankers Ltd., No. 12 CIV. 9417 RA, 2014 WL 1883506, at *3 (S.D.N.Y. May 9, 2014) ("Trefin Tankers twice failed to respond to Crystal Pool's requests that it appoint an arbitrator, and it also has failed to appear in or respond to the proceedings in this Court. Trefin Tankers has thus unambiguously manifested a refusal to arbitrate."); Telesat Canada v. Planetsky, Ltd., No. 12 CIV. 3743 JMF, 2013 WL 592668, at *3 (S.D.N.Y. Feb. 15, 2013) (holding respondent refused to arbitrate where it "neither opposed, nor responded to, Petitioner's arbitration demand letter."); Severstal U.S. Holdings, LLC v. RG Steel, LLC, 865 F.Supp.2d 430, 437 (S.D.N.Y.2012) ("Severstal has unequivocally declined to arbitrate by refusing to comply with the arbitration demand and by commencing an action against RG Steel.").