15-3023-cv
*Goel et al. v. Bunge, Ltd. et al.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2015
No. 15-3023-cv

VIKAS GOEL AND RAINFOREST TRADING LTD.,
*Plaintiffs-Appellants,*


*v.*


BUNGE, LTD., BUNGE S.A., GRAINS AND INDUSTRIAL PRODUCTS PTE
LTD., STATE BANK OF INDIA,
*Defendants-Appellees,*

AMERICAN DIGITAL UNIVERSITY, INC., INTERNATIONAL MARITIME
UNIVERSITY, LLC, TELEDATA MARINE SYSTEMS LLC, TELEDATA
SYSTEMS AND SERVICES, LLC, AND ANUSH RAMACHANDRAN,
*Defendants.*[*]

————

Appeal from the United States District Court
for the Southern District of New York

————

---

[*] The Clerk of Court is directed to amend the official caption to conform
with the caption above.

ARGUED: APRIL 6, 2016
DECIDED: APRIL 28, 2016

————

Before: KEARSE, CABRANES, AND CHIN, *Circuit Judges*.

————

Plaintiffs-appellants Vikas Goel and Rainforest Trading Ltd. appeal August 7, 2015 and August 27, 2015 judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*) dismissing as untimely their claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and declining to exercise supplemental jurisdiction over their state-law claims. Concluding that the District Court properly rejected plaintiffs' argument that their claims are timely under New York's so-called "savings statute," N.Y. C.P.L.R. § 205(a), but that the Court erred by considering materials outside the pleadings at the motion-to-dismiss stage, we **VACATE** the judgment and **REMAND** for further proceedings.

————

ROBERT SENTNER, Sentner Safran LLP, New York, NY (Victoria Safran, Sentner Safran LLP, New York, NY, and Nicole F. Mastropieri, Nixon Peabody LLP, New York, NY, *on the brief*), *for Plaintiffs-Appellants*.

WENDY H. SCHWARTZ, Binder & Schwartz LLP, New York, NY (John C. Scalzo and Jennifer L. Achilles, Reed Smith LLP, New York, NY, *on the*

*brief*), *for Defendants-Appellees Bunge, Ltd., Bunge S.A., and Grains and Industrial Products PTE Ltd.*

BRIAN ROSNER (Natalie A. Napierala, *on the brief*), Carlton Fields Jordan Burt, P.A., New York, NY, *for Defendant-Appellee State Bank of India.*

————

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiffs-appellants Vikas Goel and Rainforest Trading Ltd. (jointly, "plaintiffs") appeal August 7, 2015 and August 27, 2015 judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*) dismissing as untimely their claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and declining to exercise supplemental jurisdiction over their state-law claims. Among other arguments, plaintiffs contend that their claims are timely under New York's so-called "savings statute," N.Y. C.P.L.R. § 205(a), and that the District Court erred by relying on materials outside the pleadings in deciding motions to dismiss brought by defendants-appellees Bunge, Ltd., Bunge S.A., Grains and Industrial Products PTE Ltd., and the State Bank of India ("SBI") (jointly, "defendants").

We reject the argument that New York's savings statute governs the timeliness of plaintiffs' federal claims, but we are persuaded by plaintiffs' second contention. Presented with documents extrinsic to the complaint at the motion-to-dismiss stage, the District Court should have either excluded the documents or,

pursuant to Federal Rule of Civil Procedure 12(d), treated the motions to dismiss as motions for summary judgment. Because it did neither, we must **VACATE** the judgment and **REMAND** for further proceedings.

## BACKGROUND

This case arises out of an alleged fraud. According to the complaint, Goel founded and managed a computer-equipment distribution company called eSys Informatics, Ltd. ("eSys"). In 2006, he contracted to sell fifty-one percent of eSys's shares to Teledata Informatics Pte. Ltd. ("Teledata"), an Indian company purporting to be in the software business, at the price of $105 million. Goel alleges that Teledata was a sham operation; that it carried on no legitimate business; and that it was only through the connivance of defendants, who participated with Teledata in a complex scheme that involved illegal loans used to generate profits from interest-rate arbitrage, that Teledata was made to appear an attractive investment partner. All collapsed in the end, destroying the value of eSys and damaging plaintiffs to the tune of hundreds of millions of dollars.

Following a 2009 fraud action brought by plaintiffs against Teledata and its affiliates in Singapore, a 2010 action brought by SBI, also in Singapore, to foreclose on eSys shares pledged as security on a loan, and a 2010 state-law action brought by plaintiffs against Bunge, Ltd., Bunge S.A., and defendant Anush Ramachandran in

4

New York state court,[1] plaintiffs initiated this lawsuit. It was filed on January 2, 2014, in the Supreme Court of the State of New York, Westchester County.

Defendants removed, then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that plaintiffs' RICO claims were untimely under the applicable four-year statute of limitations. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012). The District Court agreed. It concluded that Goel had been put on inquiry notice of his RICO claims no later than 2007, more than four years before he filed this action, and had failed to investigate with reasonable diligence the possibility that he had been injured. *Goel v. Am. Dig. Univ., Inc.*, Nos. 14 Civ. 2053 (KBF), 14 Civ. 1895 (KBF), 2015 WL 5037002, at *11-13 (S.D.N.Y. Aug. 26, 2015). Accordingly, the Court dismissed the RICO claims and, with no federal claim remaining in the case, declined to exercise supplemental jurisdiction over plaintiffs' state-law claims. *Id.* at *13.

On appeal, plaintiffs advance a number of arguments in support of their central contention: that the District Court erred in dismissing their RICO claims as untimely. We agree with plaintiffs that the District Court improperly relied on materials outside the complaint at the motion-to-dismiss stage. Accordingly, we conclude that the judgment must be vacated and the cause remanded.

---

[1] Most of plaintiffs' claims in the New York case were dismissed for failure to state a claim, *see Goel v. Ramachandran*, 111 A.D.3d 783 (N.Y. App. Div. 2d Dep't 2013); the sole remaining count, a fraud claim, was dismissed without prejudice pursuant to a stipulation of discontinuance.

## DISCUSSION

Though our conclusion that the District Court erred in roaming outside the pleadings obviates the need to consider plaintiffs' other arguments, we pause to address their contention that this action is timely under New York's savings statute, N.Y. C.P.L.R. § 205(a).[2] This statute "effectively tolls the running of a statutory period to permit refiling within six months when an action has been timely commenced but dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or the entry of a final judgment on the merits." *Goldstein v. N.Y. State Urban Dev. Corp.*, 921 N.E.2d 164, 168 (N.Y. 2009).

On this point, we agree with the District Court: New York's savings statute is no help to plaintiffs. RICO is a federal law governed by a federal statute of limitations, and that statute of limitations is subject to federal, not state, tolling rules. *See Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 347 (2d Cir. 1994) ("[I]t seems obvious to us that . . . concerns for uniformity . . . dictate that federal rather than state tolling doctrines should govern in civil RICO actions."); *see also Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 433 (1965) ("[T]he period of time within which an action may be commenced is a material element in a uniformity

---

[2] We think it appropriate to reach this issue because resolving it in plaintiffs' favor would put to rest the question of timeliness, rather than delaying its consideration until a later stage in the litigation—the result of today's disposition.

of operation which Congress would not wish to be destroyed by the varying provisions of the State statutes of limitation. The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." (alterations, citation, and internal quotation marks omitted)). This principle applies irrespective of the forum in which a RICO claim is first asserted, rendering inconsequential—at least for this purpose—plaintiffs' decision to file in state rather than federal court. *See Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 562-63 (7th Cir. 2011) (applicable statute of limitations is determined by "[t]he source of law, and not the identity of the forum"). Accordingly, the District Court did not err in holding that New York's tolling provision does not operate to save plaintiffs' claims.

We reach a different conclusion with respect to the District Court's reliance on documents outside the complaint on defendants' motions to dismiss. A motion brought under Rule 12(b)(6) challenges only the "legal feasibility" of a complaint. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). The test of a claim's "substantive merits" is "reserved for the summary judgment procedure, governed by [Federal Rule of Civil Procedure] 56, where both parties may conduct appropriate discovery and submit the additional supporting material contemplated by that rule." *Id.* (internal quotation marks omitted). Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence,

7

a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Concord Assocs., L.P. v. Entm't Props. Tr.*, --- F.3d ---, 2016 WL 1075947, at *2 n.2 (2d Cir. Mar. 18, 2016) (internal quotation marks omitted).

We have recognized, however, that in some cases, a document not expressly incorporated by reference in the complaint is nevertheless "integral" to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint "where the complaint relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted). Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering "limited quotation[s]" from the document is not enough. *Global Network Commc'ns*, 458 F.3d at 156; *see also Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985). "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Global Network Commc'ns*, 458 F.3d at 157.

8

In deciding defendants' motions to dismiss in this case, the District Court relied on two sources extrinsic to the complaint: Goel's deposition testimony from the 2010 New York action and an affidavit Goel submitted in connection with the 2010 Singapore foreclosure proceeding. *See Goel*, 2015 WL 5037002, at *6-7, *9. In the District Court's view, each tended to show that Goel was on notice of defendants' fraudulent scheme no later than 2007. *See id.* at *11-12. The Court observed that documents outside the complaint are generally off-limits on a motion to dismiss, but it considered these sources nonetheless, on the theory that each was integral to the complaint.[3] *Id.* at *8-9.

We cannot agree. It is true, as defendants emphasize, that plaintiffs "expressly allege[d] that [a] substantial portion of the facts described [in the complaint] was learned in the [New York action]," Bunge Defs.' Br. at 32 (internal quotation marks omitted) (second alteration in original); true also, as the District Court stressed, that plaintiffs "filled the Complaint with allegations relying on and referencing the court filings and 'sworn testimony' from [the New York action] in order to detail . . . how the scheme worked," *Goel*, 2015 WL 5037002, at *9. But neither observation supports the District Court's consideration of Goel's deposition testimony and affidavit.

---

[3] The District Court expressly declined to judicially notice the relevant facts recited in the documents, *Goel*, 2015 WL 5037002, at *9 n.6, and therefore did not provide plaintiffs the opportunity to be heard required by Federal Rule of Evidence 201(e); thus, we do not consider defendants' argument that Goel's deposition testimony and affidavit were proper objects of judicial notice.

As for the first, we fail to apprehend its significance. That Goel learned about the particulars of defendants' alleged fraud during the New York lawsuit simply hasn't a thing to do with whether his complaint relies heavily on the effect of deposition testimony he gave in connection with that case.

As for the second, though plaintiffs' complaint indeed refers to "sworn testimony" from the New York action, it does not refer to *Goel's* sworn testimony. *See, e.g.*, J.A. 32 ¶ 73 (referring to "the testimony of Bunge Ltd. officers"); J.A. 36 ¶ 93 (referring to "the testimony of Bunge representatives"); J.A. 36 ¶ 96 (referring to "sworn Bunge Ltd. testimony"); J.A. 37 ¶ 97 (referring to "[d]ocuments produced by Bunge"). Much less does it so heavily rely on the terms and effect of Goel's testimony that the deposition transcript may fairly be deemed integral to the complaint.[4] A complaint that alleges facts related to or gathered during a separate litigation does not open the door to consideration, on a motion to dismiss, of any and all documents filed in connection with that litigation. *See Global Network Commc'ns*, 458 F.3d at 156 (complaint's reference to plaintiff's guilty pleas in separate proceedings did not permit consideration of "the content of his testimony proffered in exchange for the pleas, as the nexus between the two [was] too attenuated to render that testimony integral to the complaint"). A contrary rule would permit the improper transformation of the Rule

---

[4] The connection between the complaint and Goel's affidavit from the Singapore foreclosure action appears to be even more attenuated; the complaint mentions the Singapore proceeding only in passing. *See* J.A. 25 ¶ 38.

10

12(b)(6) inquiry into a summary-judgment proceeding—one featuring a bespoke factual record, tailor-made to suit the needs of defendants.

Of course, the Federal Rules of Civil Procedure contemplate that when a district court is presented with materials outside the pleadings at the motion-to-dismiss stage, circumstances sometimes favor their consideration. If the court wishes to take account of such materials, however, the Rules oblige it to "treat[ ] [the motion] as one for summary judgment under Rule 56" and give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Chambers*, 282 F.3d at 154.

In this case, the District Court "considered converting [defendants'] motion[s]," but ultimately decided against it. *Goel*, 2015 WL 5037002, at *8 n.5. Because neither Goel's deposition testimony nor his affidavit can properly be deemed integral to the complaint, that decision was in error. The appropriate occasion to consider these documents, which may be relevant to the timeliness of the RICO claims, is on summary judgment, not a motion to dismiss. Accordingly, the judgment must be vacated and the cause remanded.[5]

---

[5] We leave the question of SBI's immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*—which was not addressed below and which is far afield from the issue of timeliness—for the District Court to consider in the first instance.

## CONCLUSION

In sum, we conclude that the District Court erred by relying on materials outside the pleadings in deciding defendants' motions to dismiss. We thus **VACATE** the judgments of August 7, 2015 and August 27, 2015 and **REMAND** for such further proceedings as may be appropriate in the circumstances.