Frintzilas v. DirecTV

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
                REENA RAGGI,
                PETER W. HALL,
                     <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X
WILLIAM FRINTZILAS, individually and on behalf of all others similarly situated, and ANGELO POZZUTO, individually and on behalf of all others similarly situated,
            <u>Plaintiffs-Appellants</u>,

            -v.-                                **17-3939**

DIRECTV, LLC and MASTEC, INC.,
            <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANTS:** | Steven Bennett Blau and Shelly A. Leonard, Blau Leonard Law Group, LLC, Huntington, NY. |
| | |
| **FOR APPELLEES:** | Hans J. Germann, Mayer Brown LLP, Chicago, IL, counsel for DIRECTV, LLC. |
| | |
| | Christopher J. Belter, Goldberg Segalla LLP, Buffalo, NY, counsel for MasTec, Inc. |

Appeal from an order of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Plaintiffs-appellants William Frintzilas and Angelo Pozzuto, individually and on behalf of other landlords similarly situated, appeal from a November 27, 2017 order of the United States District Court for the Southern District of New York (Forrest, J.) dismissing their complaint under Fed. R. Civ. P. 12(b)(6) for lack of standing and failure to state a claim. On appeal, plaintiffs argue that the district court erred because: (1) they suffered a direct injury when the defendants installed equipment in their buildings for use by tenants, and therefore possess standing to bring their claim under New York General Business Law § 349 ("GBL § 349"), which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service"; and (2) they adequately alleged a plausible violation of GBL § 349. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[1]

---

[1] The Court declines plaintiffs' invitation to certify the questions of whether he lacks standing and failed to state a claim to the New York Court of Appeals. N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27.

**1.** Plaintiffs allege that defendants' standard practice is to deceive tenant-subscribers by presenting them with a misleading consent form, and that tenant-subscribers are likely to sign out of convenience or confusion. Armed with the consent form, defendants install their hardware, which in turn harms the landlord. While there are intervening steps between defendants' deceptive action and plaintiffs' harm, plaintiffs argue that so long as their harm (installation) is a proximate result of defendants' misleading conduct, they have standing to bring a GBL § 349 claim.

Plaintiffs are incorrect. As they acknowledge, standing under GBL § 349 requires a direct rather than a derivative injury. City of N. Y. v. Smokes-Spirits.Com, Inc., 12 N.Y.3d 616, 622 (2009). Plaintiffs' alleged injuries are derivative because they are "purely contingent on harm to third parties": the harm to the tenant-subscriber by being presented the allegedly materially misleading form. Id. at 623 (quoting Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 239 (2d Cir. 1999)). Plaintiffs must "plead that they have suffered actual injury caused by a materially misleading" act, not that a misleading act led to further steps which eventually harmed them. Id. Plaintiffs attempt to avoid their standing problem by arguing that the tenant-subscribers suffer no injury; but if this is true (and it seems to be), plaintiffs cannot assert a claim under GBL § 349, which requires that a materially misleading statement be made in the first place.

**2.** While lack of standing is itself sufficient for affirmance, we also reject plaintiffs' argument that they sufficiently pled a violation of GBL § 349 to survive a motion to dismiss. To state a claim for a violation of GBL § 349, a plaintiff must adequately allege "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." Stutman v. Chem. Bank, 95 N.Y.2d 24, 29 (N.Y. 2000).

The only alleged misleading act is the use of the challenged consent form, which, as the district court properly found, is not deceptive since it is not "likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85

N.Y.2d 20, 26 (1995).   The consent form required a tenant or family member (over the age of 18) to represent that "DIRECTV System installation at (address) has been verbally approved by my landlord (or is not required pursuant to my lease or rental agreement.)" [2]   App'x at 30.   This statement is not misleading.   The only potentially misleading statements that might be made under the facts as alleged would come from the tenant-subscriber (falsely representing that they had received permission to install the hardware) not from the defendants.   Therefore plaintiffs have failed to adequately plead any materially misleading statements.

Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE
CLERK OF COURT

---

[2] Plaintiffs attempt to cite to a different consent form than the one cited to in their Complaint.   We decline to consider it here.   Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).