*Seidemann v. Professional Staff Congress*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges*.

———————————————————————————

DAVID SEIDEMANN, BRUCE MARTIN, individually and on behalf of all others similarly situated,

> *Plaintiffs-Appellants*,

v.                                                                    20-460

PROFESSIONAL STAFF CONGRESS LOCAL 2334, AMERICAN FEDERATION OF TEACHERS AFL-CIO, AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS, NEW YORK STATE UNITED TEACHERS, NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES,

> *Defendants-Appellees*,

FACULTY ASSOCIATION OF SUFFOLK COUNTY

1

COMMUNITY COLLEGE, UNITED UNIVERSITY PROFESSIONS, FARMINGDALE STATE COLLEGE CHAPTER,

*Appellees.*

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | Gregory N. Longworth, Clark Hill PLC, Grand Rapids, MI; John J. Bursch, Bursch Law PLLC, Caledonia, MI |
| For Defendant-Appellee Professional Staff Congress Local 2334: | Michael J. Del Piano, Edward J. Greene, Jr., Andrea A. Wanner *for* Robert T. Reilly, General Counsel, New York State United Teachers, New York, NY; Charles G. Moerdler, Alan M. Klinger, Dina Kolker, Arthur J. Herskowitz, Stroock & Stroock & Lavan LLP, New York, NY; Hanan B. Kolko, Cohen, Weiss & Simon LLP, New York, NY; Peter Zwiebach, New York, NY |
| For Defendants-Appellees American Federation of Teachers and New York State United Teachers: | Michael J. Del Piano, Edward J. Greene, Jr., Andrea A. Wanner *for* Robert T. Reilly, General Counsel, New York State United Teachers, New York, NY; Charles G. Moerdler, Alan M. Klinger, Dina Kolker, Arthur J. Herskowitz, Stroock & Stroock & Lavan LLP, New York, NY |
| For Defendant-Appellee National Education Association of the United States: | Michael J. Del Piano, Edward J. Greene, Jr., Andrea A. Wanner *for* Robert T. Reilly, General Counsel, New York State United Teachers, New York, NY; Scott A. Kronland, Altshuler Berzon LLP, San Francisco, CA |
| For Defendant-Appellee American Federation of Labor and Congress of Industrial Organizations: | Kent Y. Hirozawa, Gladstein, Reif & Meginniss, LLP, New York, NY |
| For Defendant-Appellee American Association of University Professors Collective Bargaining Congress: | David M. Slutsky, Levy Ratner, P.C., New York, NY |
| For Appellees: | Michael J. Del Piano, Edward J. Greene, Jr., Andrea A. Wanner *for* Robert T. Reilly, General Counsel, New York State United Teachers, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs David Seidemann and Bruce Martin (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*), entered on January 10, 2020, dismissing all of their claims against the defendant unions (together, "Defendants"). Plaintiffs were both public employees who chose not to join the unions representing their fellow employees. New York law, however, still required both to pay agency shop fees to those unions. In *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), the Supreme Court overruled its earlier decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), and held that such laws violate the First Amendment. Plaintiffs brought suit requesting both prospective relief (declaring New York's law unconstitutional and enjoining Defendants from collecting agency shop fees) as well as a refund of the fees they and the other class members were unconstitutionally required to pay. The district court dismissed their request for prospective relief for lack of subject-matter jurisdiction and their federal and state law claims for a refund of their agency shop fees for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We first address the district court's dismissal of Plaintiffs' claims for prospective relief under Rule 12(b)(1). The district judge concluded that Plaintiffs lack Article III standing on the face of their complaint. In such cases, review by this Court is *de novo*, accepting as true all material

3

allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); *see Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) ("[Article III] requires those who invoke the power of a federal court to demonstrate standing . . . ."). After reviewing Plaintiffs' complaint, we agree that they have failed to demonstrate standing to request prospective relief.

At the start, we acknowledge that, as a theoretical matter, the Supreme Court's decision in *Janus* may not be the end of the standing inquiry in a case such as this one. *Cf. Pool v. City of Houston*, 978 F.3d 307 (5th Cir. 2020) (holding plaintiffs had standing to challenge a law the city admitted was unconstitutional under Supreme Court precedent). But standing requires more than a mere allegation that an unlawful state of affairs exists. To have standing, a plaintiff must show that he or she has suffered an injury in fact. *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020). This, in turn, requires that the injury must be "'concrete and particularized' as well as 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In particular, allegations of possible future injury are not sufficient unless "the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l*, 568 U.S. 398, 414 & n.5 (2013)).

Plaintiffs' complaint does not meet this bar. It contains no allegations of future harm or any factual matter that could lead us to conclude that there is any risk (much less a substantial one) that Defendants will attempt to collect agency shop fees in the future. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983))); *see also Pool*, 978 F.3d at 312 ("Without any indication that the

4

government is planning to enforce a law after a similar one has been held unconstitutional in a binding decision, there would be no objective fear of continued enforcement."). Moreover, Plaintiffs admit that the Defendants have provided assurances that they will not deduct the unconstitutional agency shop fees from Plaintiffs' paychecks. Plaintiffs have therefore failed to allege facts that would establish standing to request prospective relief. Accordingly, their claims were properly dismissed for lack of subject-matter jurisdiction.

We turn next to Plaintiffs' claim under 42 U.S.C. § 1983 that they are entitled to a refund of the agency shop fees they paid to Defendants. Judge Failla's well-reasoned opinion concluded that Defendants had a good-faith defense against claims under § 1983 and that Defendants had established an entitlement to this defense as a matter of law. Since the district court's order, we have reached the same conclusion about § 1983. Specifically, in *Wholean v. CSEA SEIU Local 2001*, this Court held "that a party who complied with directly controlling Supreme Court precedent in collecting fair-share fees cannot be held liable for monetary damages under § 1983." 955 F.3d 332, 334 (2d Cir. 2020). Though Plaintiffs' brief was filed after *Wholean*, it provides essentially no explanation why *Wholean*'s holding does not control the outcome here, choosing instead to explain why, in their view, the case was wrongly decided. But absent such a distinction, *Wholean* controls.[1]

---

[1] Plaintiffs argue in addition that Defendants did not act in good faith. The district court correctly observed, however, that the complaint is devoid of allegations to this effect, nor can such allegations be found anywhere in the "narrow universe of materials" outside the complaint that a court may consider when ruling on a Rule 12(b)(6) motion. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). As a result, we agree that Plaintiffs' federal claims were properly dismissed.

Finally, Plaintiffs argue they are entitled to a refund of the agency shop fees under a state-law theory of conversion or, in the alternative, unjust enrichment. Standing in their way is N.Y. CIV. SERV. LAW § 215 which provides:

> Notwithstanding any other law to the contrary, any public employer, any employee organization, the comptroller and the board, or any of their employees or agents, shall not be liable for, and shall have a complete defense to, any claims or actions under the laws of this state for requiring, deducting, receiving, or retaining dues or agency shop fee deductions from public employees, and current or former public employees shall not have standing to pursue these claims or actions, if the dues or fees were permitted or mandated at the time under the laws of this state then in force and paid, through payroll deduction or otherwise, prior to June [27, 2018].

Plaintiffs raise a number of unavailing arguments against the application of this provision to their claims, the strongest of which is based on the New York Constitution.[2] The New York Constitution provides, in pertinent part, that "[n]o provision shall be embraced in any appropriation bill submitted by the governor or in such supplemental appropriation bill unless it relates specifically to some particular appropriation in the bill, and any such provision shall be limited in its operation to such appropriation." N.Y. CONST. art. VII, § 6. Plaintiffs claim that § 215 violates this provision. We agree with the district court, however, that the relevant New York cases interpreting this provision impose a relatively low bar for what "relates specifically to some particular appropriation." *See Ctr. for Judicial Accountability, Inc. v. Cuomo*, 167 A.D.3d 1406, 1411–12 (3d Dep't 2018) (concluding that creation of a commission to review judicial compensation was related to items in the budget); *see also Schuyler v. S. Mall Constructors*, 32 A.D.2d 454, 456 (3d Dep't 1969) (concluding that the challenged provision "relate[d] specifically to some particular appropriation in the bill, even though the 'particular appropriation' to which it relates [was] not precisely itemized in the general appropriation bill"). We further agree that

---

[2]  We conclude that Plaintiffs' other objections are meritless for the reasons explained by the district court.

because the relevant budget here appropriated funds for the compensation of public employees, a provision impacting the liability of the individuals and entities that manage employees' paychecks satisfies the standard articulated by New York courts interpreting this constitutional requirement.

*     *     *

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk