Margaret Shakespeare, et al. v. Live Well Financial, Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of May, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

---

MARGARET SHAKESPEARE, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,

                      *Plaintiff-Appellant*,

                 v.                                                      20-3533-cv

COMPU-LINK CORPORATION, DBA CELINK,

                      *Defendant-Cross-Defendant-Appellee*,

REVERSE MORTGAGE FUNDING LLC,

                      *Defendant-Appellee*.[1]

---

Appearing for Appellant:     Joseph S. Tusa, Southold, N.Y.

---

[1] The Clerk of Court is instructed to amend the caption as above.

Oren Giskan, Catherine E. Anderson, Giskan Solotaroff & Anderson LLP, New York, N.Y. (*on the brief*).

Julie Nepveu, Senior Attorney, William Alvarado Rivera, AARP Foundation Litigation, Washington, D.C.

Appearing for Appellees:     Jennifer L. Gray (Fernando Carlos Rivera-Maissonet, *on the brief*), Hinshaw & Culbertson LLP, New York, N.Y., *for Defendant-Cross-Defendant-Appellee Celink.*

Jennifer Fiorica Delgado (Reynold Lambert, *on the brief*), Lowenstein Sandler LLP, Roseland, N.J., *for Defendant-Appellee Reverse Mortgage Funding, LLC.*

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED**.

Margaret Shakespeare appeals from the September 15, 2020 order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) dismissing her claims of breach of contract and the covenant of good faith and fair dealing against Reverse Mortgage Funding, LLC ("RMF"), deceptive business practices under New York General Business Law Section 349 against RMF and Celink, and unjust enrichment against Celink. She further appeals from the district court's October 13, 2020, order denying leave to amend her complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As for the claims against RMF, the district court correctly dismissed them pursuant to Federal Rule of Civil Procedure 12(b)(6). Shakespeare's complaint states that she "does not allege unlawful or inequitable acts committed by RMF." App'x at 25. To the extent Shakespeare claims that RMF and Celink have a principal-agent relationship, she alleged no facts in her complaint raising a plausible inference that Celink "acts subject to [RMF's] direction and control," which is "[a]n essential characteristic of an agency relationship." *In re Shulman Transp. Enters., Inc.*, 744 F.2d 293, 295 (2d Cir. 1984). Therefore, dismissal was proper. In her opposition to RMF's motion to dismiss, Shakespeare introduced the theory that RMF is subject to successor liability as the purchaser of the original lender's assets, but the district court was not obligated to entertain this argument because "a party is not entitled to amend its complaint through statements made in motion papers." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) (citation and emphasis omitted). Moreover, the court correctly observed that Shakespeare's complaint contained no allegations supporting these arguments.

We vacate in part and remand because the district court erred in dismissing the remaining Section 349 and unjust enrichment claims against Celink at this early stage of the litigation.

First, the district court's consideration of many of the documents submitted by the parties was erroneous. In resolving a motion to dismiss pursuant to Rule 12(b)(6), courts may consider the pleading, documents attached to the pleading or incorporated by reference, matters of which judicial notice may be taken, and documents in plaintiffs' possession on which they relied in bringing suit. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). For a document to merit consideration at the pleading stage, the plaintiff must rely on its terms and effects in drafting the complaint, not merely mention it. *See id.* Here, Shakespeare's complaint incorporated the contracts underlying her reverse mortgage agreement because she relied on their terms in bringing this action. But the district court also considered several other documents, including notice letters regarding certain house repairs mentioned in the contracts and the dockets of two foreclosure actions on Shakespeare's property. Shakespeare did not rely on these documents in bringing her action; indeed, she barely referenced the first foreclosure action in her complaint.

The district court erred in considering these items extraneous to the complaint to draw inferences against Shakespeare and resolve factual disputes. *See Chambers*, 282 F.3d at 152; *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) (explaining that vacatur is required where the district court improperly relies on defendants' exhibits and factual representations); *see also Goel v. Bunge, Ltd.*, 820 F.3d 554, 560 (2d Cir. 2016) (explaining that references to other litigations "does not open the door to consideration, on a motion to dismiss, of any and all documents filed in connection with [those] litigation[s]"). The district court concluded that consideration of these items in resolving the Rule 12(b)(6) motion was proper because the parties agreed to do so. Yet the record does not establish that Shakespeare's counsel consented to consideration of all of Celink's attached documents. Therefore, Shakespeare's limited consent or waiver to the traditional bar against considering documents external to the pleadings while evaluating a Rule 12(b)(6) motion does not entirely cure the legal error, particularly given that in bringing this action, she did not rely on the particular documents the district court relied on in dismissing it. *Cf. Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (explaining that plaintiff's notice that other documents would be considered may avoid the necessity of translating a motion to dismiss into one for summary judgment where the plaintiff "has actual notice of all the information in the movant's papers *and has relied upon those documents* in framing the complaint" (emphasis added)).

Second, even if consideration of the external documents were proper, dismissing the Section 349 claim was still error. Section 349 "prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (alteration and quotation marks omitted). "To successfully assert a claim under [Section 349], a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Id.* (internal quotation marks omitted). To have engaged in a misleading act, "the alleged act must be likely to mislead a reasonable consumer acting reasonably under the circumstances." *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (internal quotation marks omitted). The notice

letters and foreclosure proceedings the district court relied on do not rebut the allegations supporting Shakespeare's deceptive business practice claim: that Celink did not provide notice to Shakespeare prior to paying her property tax; that the contracts do not unambiguously permit Celink to make property tax payments when that property is subject to a pending foreclosure action that Celink itself initiated; and that the foreclosure actions on Shakespeare's property were improperly initiated. Critically, those documents offer no explanation at all as to why Celink failed to notify Shakespeare that it planned to pay her upcoming property tax. We take no view as to whether Celink's actions were sufficiently misleading to violate Section 349, but we conclude that the complaint raised sufficiently plausible claims under Section 349 to survive the motion to dismiss and proceed to summary judgment.

Third, the district court additionally erred in finding Shakespeare could not have plausibly stated a Section 349 claim by alleging materially deceptive violations of notice provisions and other regulations that do not independently provide private causes of action. "New York courts have held that collecting fees in violation of other federal or state laws may satisfy the misleading element of § 349." *Cohen*, 498 F.3d at 126. Shakespeare has also satisfied "the threshold test in that the acts [she] complain[s] of are consumer-oriented in the sense that they potentially affect similarly situated consumers." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 125 (2d Cir. 2017) (citation omitted). Therefore, we vacate the dismissal of Shakespeare's Section 349 claim.

We also vacate the dismissal of Shakespeare's unjust enrichment claim. To establish an unjust enrichment claim, a plaintiff must allege "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 69 (2d Cir. 2018) (citation omitted). Because the district court used documents external to the pleadings to draw inferences against Shakespeare, its conclusion that Shakespeare could not plausibly show that equity and good conscience required restitution was misguided. We decline to address Celink's other arguments advocating for dismissal of this claim, as the district court has not yet ruled on them. *See Bacolitsas v. 86th & 3rd Owner*, 702 F.3d 673, 681 (2d Cir. 2012) (explaining that we generally do not consider arguments not addressed by the district court).

Shakespeare argues that the district court exceeded its discretion in denying leave to amend. We decline to rule on the merits of this argument, given that we have reinstated some of Shakespeare's claims. She is free to renew the motion, and we leave it in the capable hands of the district court to manage the litigation in due course.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4