23-1134-cv (L)
*Park Avenue Podiatric v. Cigna*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-four.

Present:

        Eunice C. Lee,
        Sarah A. L. Merriam,
        Maria Araújo Kahn,
          *Circuit Judges.*

_____

Park Avenue Podiatric Care, P.L.L.C.,

        *Plaintiff-Appellant*,

        v.               23-1134-cv (L), 23-1135-cv (Con)

Cigna Health and Life Insurance Company,

*Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | BRENDAN J. KEARNS, Lewin & Baglio, LLP, Westbury, NY. |
| For Defendant-Appellee: | ERIC EVANS WOHLFORTH, JR., Robinson & Cole LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Park Avenue Podiatric Care, P.L.L.C. ("PAPC"), a New York-based health services provider, appeals a March 13, 2023 judgment of the district court dismissing its claims against Cigna Health and Life Insurance Company ("Cigna") under New York state common law for breach of contract, unjust enrichment, and promissory estoppel, and for violation of New York's Prompt Pay Law. PAPC also appeals the district court's July 31, 2023 judgment denying reconsideration. This dispute flows from various foot surgeries PAPC

performed in the fall of 2019 on a patient, "SS," who was a beneficiary of an employee health benefit plan for which Cigna served as claims administrator. PAPC asserts that it was paid less than what Cigna represented it would pay for SS's procedures during pre-surgery phone calls. When PAPC called Cigna to inquire about the payment it would receive as an out-of-network provider, Cigna stated that "payment for covered services rendered to SS was based upon 80 percent of the customary rate."[1] PAPC Compl. ¶ 29. PAPC performed the surgeries and billed Cigna a total of $197,350 for the services provided using industry standard billing codes. Of the amount billed, Cigna paid PAPC only $7,199. PAPC then filed this action to recover the difference.

The district court determined that PAPC's state law claims were preempted by the federal Employee Retirement Income Security Act ("ERISA") and dismissed the action. PAPC appeals that decision, arguing that the district court erred in finding that PAPC's causes of action were related to an ERISA-governed plan, and as such, the court erred in determining that its claims were expressly preempted

---

[1] "[C]ustomary rate" is a healthcare industry term referring to "usual, customary, and reasonable" charges for "a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical services." PAPC Compl. ¶¶ 30, 21.

3

by ERISA. We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

*       *       *

"[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Collins v. Putt*, 979 F.3d 128, 132 (2d Cir. 2020) (quoting *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015)). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## I. ERISA Preemption

PAPC's chief argument is that, as an out-of-network provider, its bills to Cigna for the foot surgeries were not related to an ERISA-governed plan, but rather to a separate legal duty that arose from the commitment Cigna made to PAPC during the pre-surgery phone calls. Cigna argues that all of PAPC's causes

of action are related to SS's ERISA-governed plan and must be preempted. For the reasons below, we conclude that PAPC's claims against Cigna are expressly preempted by ERISA.

ERISA Section 514(a) provides that ERISA supersedes or preempts all state laws insofar as they "relate to any employee benefit plan." ERISA § 514(a), *codified at* 29 U.S.C. § 1144(a). The Supreme Court has explained that this means ERISA also preempts state common law claims that seek to rectify "alleged improper processing of a claim for benefits under" ERISA-regulated plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987); *see also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990) (finding a state common law claim preempted because it "purports to provide a remedy for the violation of a right expressly guaranteed by [ERISA]"). A state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan," *Ingersoll-Rand Co.*, 498 U.S. at 139 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)), or when "the existence of a [] plan is a critical factor in establishing liability," *id*. at 139–40.

PAPC seeks to collect more money from Cigna for the services rendered to SS because it believes that it was underpaid based on the industry's customary

5

rate, and uses causes of action under New York state common and statutory law as the vehicle to seek remedy. However, PAPC's own assertions in its complaint indicate that "the existence of [an ERISA plan] is a critical factor in establishing liability" against Cigna here. *Id.* In explaining its entitlement to reimbursement, PAPC relies on the plan, alleging that "[n]ot all plans provide out-of-network benefits, but when they do Cigna determines the amount Cigna will allow for a covered service to an out-of-network provider." PAPC Compl. ¶ 20. This assertion alone implies that PAPC understood that if SS's ERISA-governed plan provides for out-of-network benefits, the extent of Cigna's obligations to PAPC would be defined by the plan's terms.

PAPC's allegations further make clear that Cigna communicated the terms of SS's out-of-network coverage under SS's employee health plan—and thus, Cigna conveyed to out-of-network providers, like PAPC, what its obligation to pay was, pursuant to SS's ERISA plan. *See id.* at ¶¶ 26–30 (PAPC explaining that because it did not want "to risk non-payment" as an out-of-network provider, a "PAPC employee contacted Cigna," "identified PAPC as an out-of-network provider . . . willing to render services to SS," and a "Cigna employee represented

6

that payment for covered services rendered to SS was based upon 80 percent of the customary rate"). Therefore, PAPC's own allegations, which the district court was required to accept as true at the pleading stage, demonstrate that any duty Cigna had to pay PAPC for rendering "covered services" to SS, was based on Cigna's obligations as claims administrator for SS's plan. These allegations render PAPC's argument that its state law claims do not relate to SS's ERISA-governed health benefit plan implausible.

Thus, we conclude that because any legal duty Cigna has to reimburse PAPC arises from its obligations under the patient's ERISA plan, and not from some separate agreement or promise, PAPC's claims are expressly preempted by ERISA § 514(a).

## II.  The District Court's Consideration of the Plan Document

PAPC also takes issue with the district court's consideration of the Cigna Plan Document because it contends that the district court improperly incorporated it by reference since PAPC's complaint did not cite to the plan or append it to its complaint. The Plan Document is an excerpt of the Summary Plan Description for SS's employee health benefits plan in effect as of January 1, 2019, that Cigna

7

appended as an exhibit to its motion to dismiss. While courts are generally limited on a motion to dismiss to only reviewing documents appended to a complaint or incorporated in the complaint by reference, a court may nevertheless consider a document not expressly incorporated by reference in the complaint whose terms and effects are integral to the complaint. *See Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023). "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason— usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

Here, PAPC's complaint presupposes the existence of a relationship between Cigna and SS through a health insurance plan. *See, e.g.*, PAPC Compl. ¶ 20 (highlighting that at the core of PAPC's complaint is the requirement that SS's ERISA plan administered by Cigna provides some degree of out-of-network benefits). Furthermore, whether SS's plan was an ERISA-regulated plan, and

whether an out-of-network provider like PAPC was the recipient of any duty under the plan, are threshold questions that rely on the terms of the plan and are necessary to resolve in order to advance PAPC's challenge to the merits stage. Because the plan terms and effects were relied upon in PAPC's complaint, and integral to its adjudication, the district court did not err in considering the submitted portions of the plan.

*            *            *

For the reasons set forth above, we conclude that PAPC's claims are preempted by ERISA § 514(a). We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9